**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Midtown Hotel Group LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Selective Insurance Company of America, et al.,<br><br>        Defendants. | No. CV-22-01395-PHX-JAT<br><br>**ORDER** |

On October 31, 2022, the Court issued the following Order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). Here, the notice of removal fails to fully allege federal subject matter jurisdiction. Specifically, it fails to allege a principal place of business for all corporate parties. *See Hertz Corp. v. Friend,* 559 U.S. 77, 80, 92-93 (2010) (discussing the citizenship of a corporation). The Court will require a first supplement regarding jurisdiction.
>
> Additionally, all jurisdictional allegations for Plaintiffs are made on "information and belief." While this is permissible at the removal stage in this circuit, the Court may require that jurisdiction be established after discovery. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014). Thus, assuming the first supplement regarding jurisdiction fully alleges federal subject matter jurisdiction, the Court will also require a second supplement regarding jurisdiction. During the time allotted, Defendants must take whatever discovery is necessary to prove jurisdiction rather than allege it on information and belief.
>
> Accordingly,
>
> **IT IS ORDERED** that Defendants shall file a supplement to the notice of removal fully alleging subject matter jurisdiction by November 10, 2022, or this case will be remanded to state court.
>
> **IT IS FURTHER ORDERED** that, if this case is not remanded, Defendants shall file a second supplement establishing federal subject matter jurisdiction by January 31, 2023.

(Doc. 37).

On January 31, 2023, Defendants filed a second supplement. The Court reviewed the supplement. Defendants have attempted to *establish* jurisdiction by attaching documents from the Arizona Corporation Commission and the California Secretary of State. Some of these documents are current through 2022, some are as old as 2013, and most were last updated in 2016.

To determine diversity, the Court looks at the parties' citizenship at the time of removal. "[W]hen an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). The *Miller* panel justified such approach by finding that it "parallels the rule in federal question cases where a federal question must exist at the time the petition for removal is filed." *Id.*; *see also Rogers v. Gosney*, No. CV-16-08154-PCT-GMS, 2016 U.S. Dist. LEXIS 125651, at *3 (D. Ariz. Sep. 14, 2016). ("In an action removed based on diversity jurisdiction, the requisite diversity must exist at the time of removal."); *Blue v. Vore*, No. CV-12-1118-PHX-DGC, 2012 U.S. Dist. LEXIS 77472, at *3 (D. Ariz. June 5, 2012) ("[A]nd the requisite diversity must exist at the time the action is removed to federal court.").

The notice of removal in this case was filed August 18, 2022. Thus, the membership of certain LLCs in 2016, the citizenship of the 2016 members as of 2016, and the principal place of business of a corporation in 2013 do not establish citizenship as of August 18, 2022. This Court's October 31, 2022 Order stated, "During the *time allotted* [3 months], Defendants must take whatever *discovery* is necessary to *prove* jurisdiction." (Doc. 37 (emphasis added)). The Court is surprised that counsel, in good faith, believed that the Court gave them 3 months to take the "discovery" of (what appears to be) printing documents off a public website.

Moreover, although the October 31, 2022 Order clearly says "prove" jurisdiction, and Defendants state both Ohio and Florida citizenship for Plaintiff at page 5 of the second supplement, Defendants equivocate regarding Defendants' own statement at the end of the second supplement. Specifically, Defendants state, "The diversity requirement is met

because the Plaintiff LLC through its various members is a citizen of the State of Arizona and the State of California, *with possible* citizenship in Ohio and Florida, and the Defendants are citizens of the States of Connecticut and New Jersey." (Doc. 53 at 7 (emphasis added)). The Court does not know the basis of this equivocation.

Finally, the Court notes that the form for Midtown Hotel Group LLC (Doc. 53-1 at 6) states that members with a less than 20% ownership may, but are not required to be, listed. The Court is unclear what the scope of Defendants' investigation was to determine whether unlisted less–than–20% members exist.

Defendants will be given one last opportunity to establish jurisdiction as of the date of the notice of removal. Accordingly,

**IT IS ORDERED** that by March 1, 2023, Defendants must file a third supplement *establishing* federal subject matter jurisdiction as of the date the notice of removal was filed. This supplement must include the basis for the representations in the supplement.

Dated this 2nd day of February, 2023.

James A. Teilborg
Senior United States District Judge