WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Midtown Hotel Group, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Selective Insurance Company of America, a New Jersey corporation; The Hartford Steam Boiler Inspection and Insurance Company, a Connecticut corporation,<br><br>Defendants. | Case No.:  CV 22-1395-PHX-JAT<br><br>**ORDER** |

Pending before the Court is a stipulation to extend time for Plaintiff to respond to a motion to dismiss. (Doc. 62). The basis for the stipulation is that the parties have some on-going discovery issues that may impact the evidence that Plaintiff seeks to attach to its response to the motion to dismiss. The parties are also discussing whether certain evidence needs to be sealed.

Meanwhile, while the stipulation was pending, the deadline to respond expired, and "out of an abundance of caution" Plaintiff filed a preliminary response. (Doc. 63). In that filing, Plaintiff seeks to amend or supplement the preliminary response if the Court grants the stipulation. (*Id.* at n. 1).

The stipulation raises many concerns. First, the pending motion to dismiss is filed pursuant to Rule 12(b)(6), which generally means the Court cannot take evidence from either party. Fed. R. Civ. P. 12(d). Moreover, taking evidence from a *plaintiff* is rarely an issue because the Court must accept as true any fact alleged by Plaintiff. *See Shwarz v.*

*United States*, 234 F.3d 428, 435 (9th Cir. 2000). Thus, the fact that Plaintiff needs additional time to discover evidence and discuss the treatment of such evidence, generally, does not present good cause for an extension of time because presumably the Court cannot consider the evidence in deciding a Rule 12(b)(6) motion.

The Court has not drilled down into the parties filings to attempt to determine why Plaintiff thinks it needs to submit evidence, but one of two things is likely true: either Defendant is disputing the facts Plaintiff alleged in the amended complaint in the motion to dismiss and Plaintiff is trying to "prove" its allegations; or Plaintiff failed to make some needed factual allegations in the amended complaint and is trying to cure that deficiency with evidence in response to the motion to dismiss rather than by further motion to amend. Neither of these scenarios is legally appropriate for the Court's consideration of a motion filed under Rule 12(b)(6).

Second, the stipulation states that because a document was produced subject to a protective order, it may need to be sealed. (Doc. 62 at 3). However, the preliminary response to the motion to dismiss states that the reinsurance agreement was produced in a redacted format. (Doc. 63 at 5). The protective order states:

> Further, sealing is not a substitute for redacting. *See Culver v. NXP USA Inc. Long Term Disability Ins. Plan*, No. CV-18-02205-PHX-DWL, 2019 WL 1452992, at *1 (D. Ariz. Apr. 2, 2019) ("The annoyance and expense of taking time to redact personal information from documents ordinarily cannot outweigh the public's interest in access."). Thus, for example, the Court would expect any reinsurance agreement to be produced in a redacted format such that, as redacted, it can be filed not under seal.

(Doc. 47 at 5-6). As a result, the Court would presume that the as-redacted reinsurance agreement need not be filed under seal, consistent with the protective order. Additionally, for the reasons indicated above, the Court is not inclined to consider evidence in conjunction with a motion filed under Rule 12(b)(6), although the parties may be able to argue the reinsurance agreement is incorporated into the amended complaint. *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (in the context of a 12(c) motion, a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party

questions, but which are not physically attached to the [plaintiff's] pleading." (alteration in original)).

Consistent with the foregoing, the Court will grant limited additional time to file a non-preliminary response to the motion to dismiss. However, Plaintiff should consider this Order in determining how much evidence to attach to the response. The Court will require the response to be completely contained in one document, without incorporation by reference or supplementation of a prior document.

Accordingly,

**IT IS ORDERED** that the response to the motion to dismiss filed at Doc. 63 is stricken without prejudice to Plaintiff re-filing within the deadline set below.

**IT IS FURTHER ORDERED** that the stipulation (Doc. 62) to extend time for Plaintiff to file a response to the motion to dismiss is granted to the extent that Plaintiff may file a complete response by March 10, 2023.

**IT IS FINALLY ORDERED** that the deadline for Selective Insurance Company of America to respond is also extended to March 10, 2023.

Dated this 27th day of February, 2023.

James A. Teilborg
Senior United States District Judge